McFarland, J.,
delivered the opinion of the Court.
This was a suit before a Justice, commenced by a warrant duly executed. There was also an ancillary attachment levied upon “the defendant’s goober-peas and the hay,” as the return of the officer shows.
The defendant filed with the Justice a plea in abatement, or as the record styles it, two pleas in abatement, to the ancillary attachment. The first is, that the shocks of peanuts, which we suppose is the same thing the officer calls the “goober-peas and the hay,” are not his property, but the property of Hannah and Wylie. The second denies the grounds laid in the plaintiff’s affidavit for the attachment, that is, that the party had fraudulently disposed, or was about fraudulently to dispose, of his property. The cause was taken to the Circuit Court by appeal, and upon motion these pleas were stricken out by the Court. Thereupon the parties waived a jury, and submitted the cause to the Circuit Judge, and the defendant McCown admitting his indebtedness to the plaintiff below for $110, judgment was rendered accordingly. The judgment recites that the property' attached had been sold by the Sheriff under an order in the cause, for $34, and this directed to be applied in part satisfae *450 tion of the judgment, and an execution awarded for the balance.
The writ of error is prosecuted alone for the purpose of reversing the judgment of the Court in striking out the pleas in abatement to the attachment, and in appropriating the proceeds of the property attached to the payment in part of the judgment.
The judgment in favor of Drake and against McCown for $110 is not excepted to, but is admitted to be correct.
We fully admit that a defendant has a right to put in issue by a plea in abatement the grounds upon which an ancillary attachment has been issued. Here the defendant by his plea shows that he had not fraudulently disposed, and was not about fraudulently to dispose, of his property, and that therefore the attachment against him was improperly issued; but he also shows that the attachment was not levied upon any property of his. What was there then to which the defendant could plead in abatement? True, the attachment had been improperly issued against him, but it had been returned without any levy upon his property. It was as to him functus officio. Suppose it had been returned without any levy at all, could it be maintained that there was anything to abate? By this plea, or these two pleas taken together, he avers that as to his property it had been returned without any levy. If this were an original attachment the case would be different.. There it is important to know whether the property of the defendant has been levied upon, in order to determine if he be properly in *451 court. Here no question of this character arises. The defendant is in court by summons. According to the facts, as Mr. McCown alleges them, the only parties that have been wronged, are Messrs. Hannah and Wylie, the true owners of the “goober-peas,” and their rights are not determined against them by the judgment in this cause.
If the plaintiff in error should succeed in obtaining the relief he is seeking, we' do not perceive how it would be of advantage to him. The judgment against him is for $110. Part of this has been satisfied, as he says, by the proceeds of property belonging to other parties. What he insists upon is that this part satisfaction shall be set aside and execution issue against him for the whole. We think there is no substantial error.
Affirm the judgment.